NAPOLEON PAQUET, and another,
*vs.*
EDWARD H. EMERY, and others.

York.  Opinion January 26, 1895.

*Intox. Liquors.  Search and Seizure.  Constable.  Officer.  Warrant.  R. S.,
c. 80, § 54.*

A search and seizure warrant issued by the municipal court of Biddeford may be served by any constable in York county, being so authorized by R. S., c. 80, § 54.

An officer holding a warrant to search for and seize liquors "in dwelling-house number eight on the easterly side of Franklin street in Biddeford, occupied by Fabian Provencher," is not liable as a trespasser to other tenants of portions of the same house for searching their premises before

reaching the rooms within which Provencher kept liquors for illegal sale; he having possession of a part of the ell of the house accessible either through a side door in the ell or by the front door and through the house, and there being nothing to indicate to the officers where the liquors kept by Provencher were until they discovered them.

ON REPORT.

The case is stated in the opinion.

*Max. L. Lizotte, and B. F. Cleaves,* for plaintiffs.

The case shows that Fogg, who makes return on the warrant, was at the time of the service, a duly elected and qualified constable of the town of Sanford, in the county of York; Emery and Parker acted as his aids, and not in any official capacity. So if, by the warrant, no authority was conferred upon Fogg, he could confer none on his aids.

A constable of the town of Sanford (or of any other town in the county) had no jurisdiction or authority to serve a warrant, issued by the municipal court of the city of Biddeford for an offense alleged to have been committed in Biddeford, by a citizen thereof. A constable has jurisdiction, in criminal matters only over offenses committed in the town in which he is elected; but he may pursue and bring back to his town any person who is accused of the commission of a crime in that town, whether the person be a citizen of that town or not. For this purpose, and this purpose alone, a constable may go out of his own town with a warrant into other towns in the same county, or even into another county.

The warrant did not authorize the search of plaintiffs' tenement, there being no inside connection between their tenement and the "L." *Flaherty* v. *Longley,* 62 Maine, 421.

The door from plaintiffs' kitchen opened into an entry-way or corridor, which corridor opened into the open air; this corridor was used in common with the tenants of the "L" up-stairs and with the tenant of the shop, the door to whose shop opened from this corridor, opposite plaintiffs' kitchen door. And the door from plaintiffs' kitchen to this corridor was an outer door, so that there was no interior connection between their tenement and this shop. All doors leading from an entry or corridor,

used in common with other tenants, are outer doors, within the meaning of the law. *Swain* v. *Mizner*, 8 Gray, 184.

The shop was no part of plaintiffs' dwelling-house. They had no use of it, no control over it. They hired their tenement of a landlord, and hired only certain rooms; another person used the shop, and these plaintiffs never had any actual or constructive connection with the shop. *State* v. *Kelleher*, 81 Maine, 347.

Provencher, the person named in the warrant, did not live in any portion of this block. And a warrant to search the dwelling-house of a person only authorizes the officer to search the house in which such person lives; and if he searches a house hired and occupied by another, though owned by such person, he will be guilty of trespass. *McGlinchy* v. *Barrows*, 41 Maine, p. 77.

The description of the premises was insufficient. The description of the place to be searched should be as certain in a warrant as would be required in a deed to convey the same premises. *State* v. *Robinson*, 33 Maine, 564; *Jones* v. *Fletcher*, 41 Maine, 256.

That cannot be considered as a special designation which, if used in a conveyance, would not convey it, and would not confine the search to one place. *State* v. *Robinson, supra.*

*G. F. Haley*, for defendants.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, WISWELL, JJ.

PETERS, C. J. This is an action of trespass against an officer and his aids for forcibly entering a dwelling-house and there searching for intoxicating liquors. The plaintiffs were, at the time the acts complained of were done, tenants of the rooms in the front part of the house, which was numbered eight on the easterly side of Franklin street in Biddeford. The warrant run against the house, describing it as number eight on the easterly side of Franklin street and also further describing it as "occupied by Fabian Provencher." Provencher was the respondent in the prosecution which followed the service of the warrant.

The officers being refused an entrance through any door in the house, they forced their way through the front door and passed through the hall and thence through the kitchen into the ell in the back part of which they found and seized the liquors of Provencher which they were searching for.

It turned out that the suspected seller was not the occupant of the whole house, but by some arrangement of sub-tenancy was occupying and using the rear of the ell for his illegal purposes. His section of the ell was partitioned off from the other part of it, a door connecting the two parts. The place where the liquors were kept was accessible either through an outside door into the ell or through the front door of the house and thence through passages and rooms into the ell.

The plaintiffs contend that, on these facts, the warrant did not authorize the searching of the whole house, but only such portion of it as was occupied by Provencher, and therefore that it was not a protection to the officer and aids for trespassing upon other portions of the tenement. We think on the contrary that the warrant covers the whole house, whether the allegation that it was occupied by Provencher be true or not. It was at any rate partly so occupied. It was occupied by him and others. The principal description of the tenement was number eight, and that fact the officers could appreciate. The less essential description to their minds would be the occupation by Provencher.

The case of *Flaherty* v. *Longley*, 62 Maine, 420, relied upon by the counsel for plaintiffs as sustaining their contention, itself a very close case, differs from the present case in essential particulars. In that case the warrant to the officer first described two separate tenements and then by an after-description became limited to one of them. Here one tenement only is described and the ell where the liquors were found was not only apparently but really and unquestionably a part of such tenement.

A warrant issued by the municipal court in Biddeford may be served in Biddeford by any constable in York county. R. S., c. 80, § 54.                    *Judgment for defendants.*